Joel D. Voelzke (State Bar No. 179,296)
Joel@Voelzke.com
Intellectual Property Law Offices of Joel Voelzke, A P.C.
24772 W. Saddle Peak Road
Malibu, CA  90265
Tel: (310) 317-4466
Fax: (310) 317-4499

Attorney for Plaintiffs
Intro-Tech Automotive, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| INTRO-TECH AUTOMOTIVE, INC., a California Corporation,<br><br>Plaintiff<br>v.<br><br>NEED FOR SEAT.COM LLC., an Ohio Limited Liability Company;<br><br>DOES 1-5<br><br>Defendants | **Case No.: 2:13-CV-8181**<br><br>**COMPLAINT FOR:**<br><br>**(1) Patent Infringement under 35 U.S.C. § 271 of Design Patent No. D586,160**<br><br>**(2) Unfair Competition under Cal. Bus. & Prof. Code §17200 et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

1. Plaintiff Intro-Tech Automotive, Inc. ("Intro-Tech"), for its complaint against defendant Need for Seat.com LLC ("Need for Seat"), alleges as follows:

## THE PARTIES

2. Intro-Tech is a California corporation, having a place of business at 3961 Schaefer Avenue, Chino, California 91710.  Intro-Tech designs, develops, and sells various automotive products and a line of unique automotive racing-themed furniture that it calls PIT STOP® furniture that is protected by a number of design patents including the design patent asserted in this action.

3. On information and belief, Need for Seat is an Ohio limited liability company having a place of business at 4852 Frusta Drive, Suite A, Obetz, Ohio  43207.

4. Defendants Does 1-5 are unknown persons who are agents, directors, or managers of Need for Seat, or who have materially assisted Need for Seat in doing the things alleged herein.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over Intro-Tech's patent infringement claim pursuant to the patent laws of the United States, 35 U.S.C §§ 1 et seq. (patent infringement), and pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright, trademark, and related unfair competition).  This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

6. Venue in this district is proper under the provisions of 28 U.S.C. § 1391 because infringing acts have occurred within this district.

7. Personal jurisdiction is proper over Need for Seat because Need for Seat has entered into contracts for the sale of infringing goods into this District and have shipped the infringing goods that give rise to this action into this District.

**FACTS**

8. This action arises out of Need for Seat's infringement of a patent owned by Intro-Tech.

9. On February 10, 2009, U.S. Design Patent No. D586,160 entitled "ARMREST FOR A CHAIR" ("the D'160 Patent") was duly and legally issued to inventor Henri B. Lenterman. A true copy of the D'160 patent is attached as Exhibit 1.

10. The D'160 patent is directed to an armrest for a chair, the armrest having a groove pattern resembling the tread on an automobile tire.

11. Intro-Tech is the owner by assignment of the D'160 patent with full and exclusive right to bring suit to enforce the patent.

12. Intro-Tech has marked the D'160 patent number on products that it has sold that are covered by the patent, thus giving constructive notice of the D'160 patent.

13. On information and belief, defendants Need for Seat and Does 1-5 (collectively, "Defendants") have been and are infringing, contributing to infringement, and/or inducing others to infringe the 'D160 patent by making, using, offering for sale, selling or importing, chairs that have armrests that are covered by the D'160 patent, including at least models that Need for Seat designates as its "Cobra GT II" and "Charger" chair models.

14. On July 15, 2013 Intro-Tech's attorney sent a cease and desist letter to Need for Seat via Federal Express, advising Need for Seat of the D'160 patent and its infringement of that patent, enclosing a copy of the D'160 patent, and requesting Need for Seat's agreement to stop selling products covered by the D'160 patent.

15. On July 18, 2013 "T. Klein" received that letter and signed for it on behalf of Need for Seat.

16. Need for Seat did not respond to that letter.

17. Need for Seat continued thereafter to offer for sale and to sell the infringing products.

18. On information and belief, Defendants willfully infringed the D'160 patent by

1  continuing their acts after being on notice of the patent.

## COUNT ONE

19. Intro-Tech repeats and re-alleges the allegations of paragraphs 1 through 18 above as if fully set forth herein.

20. In violation of 35 U.S.C. §271, Defendants have infringed and are continuing to infringe, literally or under the doctrine of equivalents, the 'D160 patent by practicing the D'160 patent in its manufacture, use, offering for sale, sale and/or importation of chairs having armrests that incorporate the D'160 patent, and/or by inducing or contributing to the infringement of the D'160 patent by others.

21. Intro-Tech has been damaged by Defendants' infringement and unless enjoined by this Court, Defendants will continue their infringing activities and Intro-Tech will continue to be damaged.

## COUNT TWO

22. Intro-Tech repeats and re-alleges the allegations of paragraphs 1 through 18 above as if fully set forth herein.

23. Defendants' conduct as alleged herein constitutes unfair competition in that such acts were and are unlawful and unfair in violation of California Business & Professions Code § 17200, *et seq.*

24. As a direct and proximate result of Defendants' wrongful conduct, Intro-Tech has suffered injury in fact, which injury includes loss of customers and diminution of the value of Plaintiffs' products. The harm these wrongful acts will cause to Intro-Tech is both imminent and irreparable, and the amount of damage sustained by Intro-Tech will be difficult to ascertain if these acts continue. Plaintiffs have no adequate remedy at law.

25. Intro-Tech is entitled to an injunction restraining Defendants, their officers, agents, employees, and all persons acting in concert with them from engaging in further such unlawful conduct.

# PRAYER FOR RELIEF

WHEREFORE, plaintiff Intro-Tech prays for judgment against Defendants as follows:

A. a preliminary and permanent injunction against Defendants, their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, all assignees and successors in interest, and those persons in active concert or participation with Defendants, including suppliers, distributors, and customers, enjoining them from further acts of infringement;

B. an award of damages under 35 U.S.C. §§ 284, and of the infringers' totals profits but not less than $250 under 35 U.S.C. § 289, for their infringements of Intro-Tech's D'160 patent, together with pre-judgment and post-judgment interest.

C. a trebling of said damages pursuant to 35 U.S.C. §284;

D. an award of attorney's fees pursuant to 35 U.S.C. §285;

E. costs of this action;

F. an injunction against Defendants, their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, all assignees and successors in interest, and those persons in active concert or participation with Defendants, enjoining them against from further infringement; and

F. any such other relief that this Court deems just and proper.

INTELLECTUAL PROPERTY LAW OFFICES OF
JOEL VOELZKE, A P.C.

DATED: November 6, 2013

/Joel D. Voelzke/
Joel D. Voelzke
Attorneys for Plaintiff
INTRO-TECH AUTOMOTIVE, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff Intro-Tech hereby demands a trial by jury on all issues properly triable by jury.

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, A P.C.

DATED: November 1, 2013

　　　　　/ Joel D. Voelzke/
Joel D. Voelzke
Attorneys for Plaintiff
INTRO-TECH AUTOMOTIVE, INC.